FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:41 am, Jan 21, 2021

# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

ALPHONSO POLITE,

    Defendant.

CR 418-085

## ORDER

Before the Court is Defendant Alphonso Polite's "Motion for Jail Credit," filed pursuant to 18 U.S.C. § 3585(b). Dkt. No. 31. Polite alleges that he should be given credit to his federal prison term for time spent in custody from "September 28, 2017 to present."

## LEGAL AUTHORITY

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

## DISCUSSION

The Court finds that Polite's motion to the Court is premature. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district

courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333, (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the BOP has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Polite's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the BOP. Polite's motion is, therefore, **DISMISSED**.

## CONCLUSION

Polite's motion for custodial credit is **DISMISSED** for failure to exhaust his administrative remedies with the BOP.

2

**SO ORDERED**, this 20 day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA